IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ALISA E. MOEN, ESQ., | § | |
| | § | No. 176, 2022 |
| Former Receiver Below, | § | |
| Appellant, | § | |
| | § | Court Below–Court of Chancery |
| v. | § | of the State of Delaware |
| | § | |
| BADR ABDELHAMEED DHIA | § | |
| JAFAR, | § | C.A. No. 2020-0151 |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: August 22, 2022
Decided: September 20, 2022

Before **SEITZ**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

## <u>ORDER</u>

After consideration of the notice to show cause and the parties' responses, it appears to the Court that:

(1) The plaintiff below, Badr Abdelhameed Dhia Jafar, a member of Vatican Challenge 2017, LLC (the "LLC"), filed an action in the Court of Chancery seeking to inspect the LLC's books and records. The LLC defaulted, and the Court of Chancery entered a default judgment in favor of Jafar. At Jafar's request, the Court of Chancery appointed the appellant, Alisa Moen, Esquire, as receiver to oversee the production of records. On February 8, 2022, the Court of Chancery granted in part Moen's motion for fees and costs. On March 4, 2022, the Court of

Chancery denied Moen's and Jafar's cross-motions for reargument. Finally, the Court of Chancery entered an order awarding Moen fees and costs (the "Fee Order").

(2) On May 5, 2022, Jafar asked the Court of Chancery to certify an interlocutory appeal from the Fee Order to this Court. Moen opposed the application, arguing in part that the Fee Order was a partial final judgment under Court of Chancery Rule 54(b). The Court of Chancery denied Jafar's application under Supreme Court Rule 42(b), "without consideration of whether the issue appealed is truly interlocutory."[1]

(3) On May 25, 2022, Jafar filed a notice of interlocutory appeal and, "alternatively," a notice of appeal from the Fee Order and the Court of Chancery's related, explanatory orders. By letter, this Court ordered the parties to address the nature of the appeal, with Jafar's initial response due June 6, 2022. On June 6, 2022, Jafar, through counsel, asked for a thirty-day extension to retain new counsel and to respond to the Court's letter. The Court granted Jafar's motion for an extension and set a new deadline for July 6, 2022. In the interim, Moen filed a notice of cross-appeal, which is the subject of this Order.

(4) On July 5, 2022, Jafar's counsel filed a motion to withdraw as counsel and asked the Court to grant Jafar another thirty-day extension to retain new counsel and to respond to the Court's letter. The Court granted the request but noted that no

---

[1] *Jafar v. Vatican Challenge 2017, LLC*, 2022 WL 3136594, at *1 (Del. Ch. May 17, 2022).

further extensions would be granted. The Court set a new deadline for Jafar to respond to the Court's letter for August 5, 2022. On August 1, 2022, Jafar again asked for an extension to retain new counsel and to respond to the Court's letter. The Court denied the extension. On August 25, 2022, Jafar informed the Court that he wished to withdraw his appeal, and the Court dismissed his appeal on August 29, 2022.

(5) The Court issued a notice to Moen to show cause why her cross-appeal should not be dismissed as an impermissible interlocutory appeal. In her response to the notice to show cause, Moen does not dispute that the appeal is interlocutory and, indeed, the record reflects that a motion to amend the complaint remains pending in the Court of Chancery. Instead, Moen argues that the Fee Order is appealable because it is a partial final judgment under Court of Chancery Rule 54(b). Moen is mistaken.

(6) Under Rule 54(b), "[w]hen more than 1 claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, the Court [of Chancery] may direct the entry of a final judgment upon 1 or more but fewer than all of the claims or parties *only upon an express determination that there is not just reason for delay and upon an express direction for the entry of judgment*."[2] Here, the Court of Chancery did not expressly enter the Fee Order under Rule 54(b),

---

[2] Del. Ct. Ch. R. 54(b) (emphasis added).

nor did Moen at any point file a motion requesting entry of judgment under Rule 54(b). "This Court will not presume the entry of a partial final judgment under Rule 54(b), which requires the 'express direction for the entry of judgment.'"[3]

NOW, THEREFORE, IT IS HEREBY ORDERED, under Supreme Court Rule 29(b), that the appeal is DISMISSED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Chief Justice

---

[3] *Sentinel Techs., Inc. v. Revolution Retail Sys., LLC*, 2015 WL 9311553, at *1 (Del. Dec. 22, 2015) (quoting Rule 54(b)).